IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
U.S. Department of Justice
Environment & Natural Resources Division
10th & Pennsylvania Ave., N.W.
Washington, D.C. 20530,

      Plaintiff,                                     Civil No.     15-395

      v.

WASHAKIE RENEWABLE ENERGY, LLC,

      Defendant.

## COMPLAINT

The United States of America, by authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), for its complaint states as follows:

### NATURE OF ACTION

1. This is a civil action brought against Defendant Washakie Renewable Energy, LLC ("Washakie" or "WRE") pursuant to Section 211(d) of the Clean Air Act ("CAA" or "the Act"), as amended, 42 U.S.C. § 7545(d).

2. As described below, Defendant failed to comply with Section 211(o) of the CAA, 42 U.S.C. § 7545(o) and the regulations issued thereunder at 40 C.F.R. Part 80, Subparts K and

1

M ("Renewable Fuel Regulations"). The complaint seeks civil penalties and injunctive relief for these violations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205 and 211 of the Act, 42 U.S.C. §§ 7524 and 7545.

4. Venue in this District is proper pursuant to Section 205 of the Act, 42 U.S.C. § 7524, because the Administrator's principal place of business is in the District of Columbia.

## DEFENDANT

5. Defendant Washakie is a limited liability company organized under the laws of the State of Utah. According to the Utah Secretary of State's records, Washakie's principle address is 624 N 300 W, Salt Lake City, Utah 84103. Its principle place of business is in Plymouth, Utah.

6. Washakie is a person, as defined under Section 302(e) of the Act, 42 U.S.C. § 7602(e).

## THE CLEAN AIR ACT AND APPLICABLE REGULATIONS

7. Section 211(o) of the Act was originally enacted as part of the Energy Policy Act of 2005 ("EPAct"), and was amended by the Energy Information and Security Act of 2007 ("EISA"). The EPA promulgated the first renewable fuel regulations at 40 C.F.R. Part 80, Subpart K, 40 C.F.R. §§ 80.1100 to 80.1167, ("RFS 1") to implement the EPAct requirements,

and promulgated the second renewable fuel regulations at 40 C.F.R. Part 80, Subpart M, 40 C.F.R. §§ 80.1400 – 80.1468, ("RFS 2") to implement the EISA requirements. The EPAct set the first national renewable fuel mandate in the United States, and required 7.5 billion gallons of renewable fuel to be blended into gasoline by 2012. The EISA required the EPA to increase the volume of renewable fuel required to be blended into transportation fuel to 36 billion gallons per year by 2022. EISA and the RFS 2 regulations also established new categories of renewable fuel with separate volume requirements, and set new greenhouse gas ("GHG") emission reduction thresholds for each separate category of renewable fuel.

8. The RFS 1 and RFS 2 regulations include a credit trading program, which allow "obligated parties," as defined at 40 C.F.R. §§ 80.1106(a)(1) and 80.1406(a)(1), to comply with the annual renewable fuel requirements through the purchase of Renewable Identification Numbers, or RINs, which are unique numbers generated to represent a volume of renewable fuel. The RFS 2 regulations lay the foundation for achieving significant reductions of GHG emissions from the use of renewable fuels, for reducing imported petroleum, and encouraging the development and expansion of our nation's renewable fuels sector. The RFS 1 and RFS 2 regulations include facility registration, recordkeeping, reporting and fuel tracking requirements.

9. The RFS 1 regulations require renewable fuel producers to register with the EPA, and obtain a facility identification number prior to generating any RINs. *See* 40 C.F.R. § 80.1150(b). Pursuant to 40 C.F.R. § 80.1125(d), each RFS 1 RIN must include "the registration number assigned according to 40 C.F.R. § 80.1150 to the facility at which the batch of renewable fuel was produced...."

10. The RFS 2 regulations apply for all renewable fuel produced on or after July 1, 2010, for all RINs generated on or after July 1, 2010, and for all renewable volume obligations and compliance periods starting with January 1, 2010. *See* 40 C.F.R. § 80.1400.

11. Under the RFS 2 regulations, on or after July 1, 2010, renewable fuel producers are required to submit information regarding each batch of renewable fuel that they produce to the EPA via the EPA Moderated Transaction System ("EMTS"), including the EPA-issued facility identification number for the facility where the renewable fuel is produced. *See* 40 C.F.R. § 80.1452(b) (4).

12. Section 211(d) (1) of the Act, 42 U.S.C. § 7545(d) (1), provides, in part, that any person who violates the regulations prescribed under Section 211(o) of the Act, shall be liable for a civil penalty of up to $25,000 per day for each day of violation and the amount of any economic benefit or savings resulting from the violation. Pursuant to 40 C.F.R. § 19.4, the amounts of civil penalties for these violations increased to $37,500 per day, for violations that occurred after January 12, 2009.

13. Section 211(d)(2) of the Act, 42 U.S.C. § 7545(d)(2), provides this Court with jurisdiction to restrain violations of CAA Section 211(o) and regulations prescribed under CAA Section 211(o), and to award other appropriate relief.

14. The RFS 1 regulations, 40 C.F.R 80.1101(h), define *biodiesel* as "a motor vehicle fuel or fuel additive which is all the following:

(1) Registered as a motor vehicle fuel or fuel additive under 40 CFR Part 79.

4

(2) A mono-alkyl ester.

(3) Meets ASTM D-6751-07, entitled 'Standard Specification for Biodiesel Fuel Blendstock (B100) for Middle Distillate Fuels' . . . .

(4) Intended for use in engines that are designed to run on conventional diesel fuel.

(5) Derived from nonpetroleum renewable resources (as defined in paragraph (m) of this section)."

15. The RFS 1 regulations define *renewable fuel* as any motor vehicle fuel that is used to replace or reduce the quantity of fossil fuel present in a fuel mixture used to fuel a motor vehicle, and is produced from certain biogenic feedstocks. A fuel produced by a renewable fuel producer that is used in boilers or heaters is not a motor vehicle fuel and therefore is not a renewable fuel. 40 C.F.R. § 80.1101(d).

16. The RFS 2 regulations, 40 C.F.R. § 80.1401, define *biodiesel* as: "a mono-alkyl ester that meets ASTM D 6751 (incorporated by reference, *see* § 80.1468)."

17. The RFS 2 regulations, 40 C.F.R. § 80.1401, define *renewable fuel* as a fuel which meets the following requirements:

"(i) Fuel that is produced from renewable biomass;

(ii) Fuel that is used to replace or reduce the quantity of fossil fuel present in a transportation fuel, heating oil, or jet fuel.

(iii) Has lifecycle greenhouse gas emissions that are at least 20 percent less than baseline lifecycle greenhouse gas emissions, unless the fuel is exempt from this requirement pursuant to § 80.1403."

## GENERAL ALLEGATIONS

18. Defendant registered with the EPA as a renewable fuel producer under the RFS 1 and RFS 2 programs, and identified its Plymouth, Utah facility (facility ID number 80056, company ID number 3229) as the facility where it would produce renewable fuel to generate RINs.

19. During all relevant times, the Defendant failed to produce any fuel that could be used to generate RINs at its Plymouth, Utah facility.

20. Defendant generated more than seven million RFS 1 and RFS 2 RINs, identified in Appendices A and B, by falsely representing that the RINs were generated for biodiesel produced by the Defendant at its Plymouth, Utah facility.

21. In response to the EPA's information request under Section 114(a) of the Act, 42 U.S.C. § 7414(a) (the "Information Request"), Defendant stated it did not produce fuel at its Utah facility for any of the RINs identified in Appendices A and B. Defendant submitted reports to the EPA indicating that the fuel that it relied upon to generate the RINs in Appendices A and B was biodiesel produced at facilities in Texas and New Jersey.

22. EPA investigators found that no biodiesel was produced at the Texas or New Jersey facilities for the RINs identified in Appendices A and B, and Defendant was not able to provide production records to support its representation that biodiesel was produced at the Texas and New Jersey facilities.

23. In further response to the Information Request, Defendant acknowledged that

6

"...no person at WRE has personal knowledge as to whether Jagger Industries [the Texas facility] and Biofuels of Colorado [the New Jersey facility] conformed to the contract specifications, utilized transesterification as the production process, and actually produced ASTM D6751 biodiesel." Transesterification is the chemical change in the process of producing biodiesel from vegetable or animal fats and oils, which react with short-chain alcohols (typically methanol or ethanol).

24. "Obligated parties" used 7,278,935 RINs for their own compliance purposes, out of the 7,283,027 RINs that Washakie generated.

I.  **Generation and Transfer of Invalid RINs**

### FIRST CLAIM FOR RELIEF
### Washakie created and transferred invalid RFS 1 RINs
### Violation of 40 C.F.R. § 80.1160(b)(2)

25. Paragraphs 1 through 24 are re-alleged and incorporated by reference.

26. 40 C.F.R. § 80.1160(b)(2) provides that no person shall "create or transfer to any person a RIN that is invalid under § 80.1131."

27. 40 C.F.R. § 80.1131 states that an invalid RIN, among other things, "does not represent renewable fuel as it is defined in § 80.1101."

28. The RFS 1 RINs identified in Appendix A are invalid under 40 C.F.R. § 80.1160(b)(2) because the RINs were improperly generated under 40 C.F.R. § 80.1131(a) (7). The RINs were improperly generated because Defendant did not produce biodiesel at its Utah facility.

29. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2),

7

and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

## SECOND CLAIM FOR RELIEF
### Transfer of Improperly Identified RFS 1 RINs
### Violation of 40 C.F.R. § 80.1160(b) (3)

30. Paragraphs 1 through 29 are re-alleged and incorporated by reference.

31. 40 C.F.R. § 80.1160(b)(3) provides that no person shall transfer to any person an RFS 1 RIN that is not properly identified as required under 40 C.F.R. § 80.1125.

32. 40 C.F.R. § 80.1125 establishes the codification method for each RFS 1 gallon-RIN associated with a batch of renewable fuel.

33. In 2010, Washakie violated 40 C.F.R. § 80.1160(b)(3) by transferring the RFS 1 RINs listed in Appendix A, which were not properly identified. The improper RFS 1 RINs included the code number for Washakie's registered facility, but the fuel associated with the RINs was not produced by Washakie at its registered facility.

34. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### THIRD CLAIM FOR RELIEF
### RFS 2 RINs Fuel Not Biodiesel
### Violation of 40 C.F.R. § 80.1460(b)(1)

35. Paragraphs 1 through 34 are re-alleged and incorporated by reference.

36. 40 C.F.R. § 80.1460(b)(1) provides that no person shall generate an RFS 2 RIN for which the applicable renewable fuel was not produced.

37. In 2010, Washakie violated 40 C.F.R. § 80.1460(b)(1) by generating the RFS 2 RINs listed in Appendix B for biodiesel fuel that was not produced.

38. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### FOURTH CLAIM FOR RELIEF
### Washakie created and transferred invalid RFS 2 RINs
### Violation of 40 C.F.R. § 80.1460(b)(2)

39. Paragraphs 1 through 38 are re-alleged and incorporated by reference.

40. 40 C.F.R. § 80.1460(b)(2) provides that no person shall "create or transfer to any person a RIN that is invalid under § 80.1431."

41. 40 C.F.R. § 80.1431 states that an invalid RIN, among other things, "does not represent renewable fuel as it is defined in § 80.1401."

42. The RFS 2 RINs identified in Appendix B, for production of biodiesel, are invalid under 40 C.F.R. § 80.1460(b)(2). The RINs were improperly generated under 40 C.F.R. § 80.1431(a)(ix). Defendant did not produce biodiesel at its Utah facility.

43. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### FIFTH CLAIM FOR RELIEF
### Transfer of Improperly Identified RFS 2 RINs
### Violation of 40 C.F.R. § 80.1460(b)(3)

44. Paragraphs 1 through 43 are re-alleged and incorporated by reference.

45. 40 C.F.R. § 80.1460(b)(3) provides that no person shall transfer to any person an RFS 2 RIN that is not properly identified, as required under 40 C.F.R. § 80.1425.

46. 40 C.F.R. § 80.1425 establishes the codification method for each RFS 2 gallon-RIN associated with a batch of renewable fuel.

47. In 2010, Washakie violated 40 C.F.R. § 80.1460(b)(3) by transferring the RFS 2 RINs listed in Appendix B. These RINs were not properly identified because they included the registration number for Washakie's production facility. The biodiesel associated with these RINs was not produced at Washakie's registered facility or anywhere else.

48. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

II. **Recordkeeping Violations**

### SIXTH CLAIM FOR RELIEF
### Failure to Keep Records of Batch Volumes
### RFS 1 Violations of 40 C.F.R. § 80.1151(b)(3)

49. Paragraphs 1 through 48 are re-alleged and incorporated by reference.

50. 40 C.F.R. § 80.1151(b)(3) requires renewable fuel producers to keep records related to the generation and assignment of RFS 1 RINs for each facility, including records relating to the volume of each batch of renewable fuel used to generate RINs.

51. In 2010, Washakie violated the recordkeeping requirements at 40 C.F.R. § 80.1151(b)(3) because it failed to keep any records relating to the volume of each batch of renewable fuel used to generate the RFS 1 RINs listed in Appendix A.

52. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### SEVENTH CLAIM FOR RELIEF
### Failure to Maintain Records
### RFS 2 Violations of 40 C.F.R. § 80.1454(b)(3)

53. Paragraphs 1 through 52 are re-alleged and incorporated by reference.

54. 40 C.F.R. § 80.1454(b)(3) requires renewable fuel producers to maintain records related to the generation and assignment of RFS 2 RINs for each facility, including records relating to the volume of each batch of renewable fuel used to generate RINs, identification of batches by renewable category, feedstock energy calculations per 40 C.F.R. § 80.1426(f)(4), and

all commercial documents and additional information related to details of RIN generation.

55. In 2010, Washakie violated the recordkeeping requirements at 40 C.F.R. § 80.1454(b)(3) because it failed to maintain records for the RFS 2 RINs listed in Appendix B relating to: the volume of each batch of renewable fuel used to generate the RINs, the identification of batches by renewable category, the feedstock energy calculations per 40 C.F.R. § 80.1426(f)(4), and all commercial documents and additional information related to details of RIN generation.

56. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

**III.    Reporting Violations**

**EIGHTH CLAIM FOR RELIEF**
**Failure to Accurately Report Biodiesel Production**
**RFS 1 Violations of 40 C.F.R. § 80.1152(b)**

57. Paragraphs 1 through 56 are re-alleged and incorporated by reference.

58. 40 C.F.R. § 80.1152(b) provides that any producer of a renewable fuel must, beginning November 30, 2007, submit to the EPA reports which contain information, including the type of renewable fuel of each batch, as defined in 40 C.F.R. § 80.1101(d). Washakie created RFS1 RIN Generation Reports on August 31, 2010 for batches 10105, 10106, and 10107, which are identified as part of the RFS 1 RINs listed in Appendix A. These Generation Reports

12

were later submitted to EPA. They identified the renewable fuel as biodiesel.

59. Washakie violated 40 C.F.R. § 80.1152(b) because none of the renewable fuel identified in the RFS 1 RIN Generation Reports was biodiesel.

60. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### NINTH CLAIM FOR RELIEF
### Failure to Timely Report RIN Generation
### RFS 1 Violations of 40 C.F.R. § 80.1152(b)(1)(v)

61. Paragraphs 1 through 60 are re-alleged and incorporated by reference.

62. 40 C.F.R. § 80.1152(b)(1)(v) provides that any renewable fuel producer must submit quarterly RIN-generation reports to the EPA for each facility it owns, according to the schedule in 40 C.F.R. § 80.1152(d), and shall include, for the reporting period, the RFS 1 RINs generated for each batch according to 40 C.F.R. § 80.1126.

63. In 2010, Washakie violated 40 C.F.R. § 80.1152(b)(1)(v) for RFS 1 RIN batches 10102, 10103, and 10104, which are identified as part of the RFS 1 RINs listed in Appendix A, because it failed to report RINs generated during the quarterly reporting periods to the EPA.

64. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

## TENTH CLAIM FOR RELIEF
### Failure to Timely Report RIN Transactions
### RFS 1 Violations of 40 C.F.R. § 80.1152(c)(1)

65. Paragraphs 1 through 64 are re-alleged and incorporated by reference.

66. 40 C.F.R. § 80.1152(c)(1) provides that any party that owns RFS 1 RINs during a reporting period must, beginning November 30, 2007, submit reports to the EPA, according to the schedule, and containing the information, in 40 C.F.R. § 80.1152(c). A RIN transaction report for each RFS 1 RIN transaction shall be submitted by the end of the quarter in which the transaction occurred, according to the schedule specified in 40 C.F.R. § 80.1152(d).

67. In 2010, Washakie violated 40 C.F.R. § 80.1152(c)(1) for the RFS 1 RINs batches 10102, 10103, and 10104, which are identified in RFS 1 RINs listed in Appendix A, because it failed to report to the EPA the RINs that were sold in the first quarter of 2010.

68. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d) (1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

## ELEVENTH CLAIM FOR RELIEF
### Failure to Submit Accurate RIN Generation Reports
### RFS 2 Violations of 40 C.F.R. § 80.1451(b)

69. Paragraphs 1 through 68 are re-alleged and incorporated by reference.

70. 40 C.F.R. § 80.1451(b) provides that "any domestic producer or importer of renewable fuel who generates RINs . . . must submit to EPA reports according to the schedule,

14

and containing all the information, that is set forth in this paragraph (b)."

71.     In 2010, Washakie failed to meet the reporting requirements of 40 C.F.R. § 80.1451(b)(1)(ii)(F) and (H). Washakie's RIN generation reports dated February 24, 2011 failed to accurately report the quantity of RFS 2 RINs generated for batch numbers 10-110 and 10-111, as identified in Appendix B, according to 40 C.F.R. § 80.1426, and to report the fuel type of each batch. Washakie failed to make biodiesel as reported for batches 10-110 and 10-111.

72.     Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d) (1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

### TWELFTH CLAIM FOR RELIEF
### Failure to Submit Information to EMTS
### Violation of 40 C.F.R. § 80.1452

73.     Paragraphs 1 through 72 are re-alleged and incorporated by reference.

74.     40 C.F.R. § 80.1452 requires renewable fuel producers and/or importers to establish accounts with the EPA Moderated Transaction System (EMTS) and report RIN information to the EMTS for all RIN transactions.

75.     Washakie failed to meet the EMTS reporting requirements because its reports concerning biodiesel production and the assignment of the RFS 2 RINs listed in Appendix B were false. Washakie failed to produce any biodiesel corresponding to the RINs listed in Appendix B.

76. Pursuant to Sections 211(d) (1) and (2) of the Act, 42 U.S.C. § 7545(d) (1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violations.

IV. **Attest Engagement Violations**

### THIRTEENTH CLAIM FOR RELIEF
**Failure to Timely Submit Report**
**Violation of 40 C.F.R. § 80.1464(b)(1)-(4)**

77. Paragraphs 1 through 77 are re-alleged and incorporated by reference.

78. 40 C.F.R. § 80.1464(b)(1) - (b)(4) requires renewable fuel producers to comply with attest procedures that must be completed for any generation of RINs. Washakie failed to comply with attest procedures for its 2010 RIN generation, as provided at 40 C.F.R. § 80.1464(b)(1) - (b)(4), by failing to timely submit its 2010 attest engagement report.

79. On February 13, 2012, Washakie's legal counsel sent an e-mail to the EPA stating that Washakie failed to timely submit its 2010 attest engagement report.

80. Pursuant to Sections 211(d) (1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject Washakie to injunctive relief and civil penalties of up to $37,500 per day, for violations that occurred after January 12, 2009, and the amount of any economic benefit or savings resulting from the violation.

### PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court enter judgment

against Defendant:

    A.    Imposing a civil penalty against Defendant for each violation of Section 211 of the Act, 42 U.S.C. § 7545, and the Renewable Fuel Regulations, alleged herein, of up to $37,500 per day, plus the amount of any economic benefit or savings resulting from each violation, for violations that occurred after January 12, 2009;

    B.    Enjoining Defendant from committing any further violations of the Act and regulations promulgated thereunder, pursuant to Section 211(d) (2) of the Act, 42 U.S.C. § 7545(d) (2); and

    C.    Granting the United States such other relief as the Court deems just and proper.

Respectfully submitted,

UNITED STATES DEPARTMENT OF JUSTICE

*/s/ John C. Cruden*
JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Elliot Rockler*
ELLIOT ROCKLER
Trial Attorney
Environmental Enforcement Section
P.O. Box 7611,
Washington, DC 20044-7611
Email: elliot.rockler@usdoj.gov
Telephone: 202-514-2653

RONALD C. MACHEN, JR.
United States Attorney
District of the District of Columbia

KEITH MORGAN
Deputy Chief, Civil
District of the District of Columbia
555 Fourth Street, NW
Washington, DC 205330

Of Counsel:
TAHANI ANN RIVERS
Attorney-Advisor
Air Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1595 Wynkoop Street
Denver, Colorado 80202

18

UNITED STATES OF AMERICA V. WASHAKIE RENEWABLE ENERGY, LLC
COMPLAINT – APPENDICES

APPENDIX A– RFS1 RINs Generated and Transferred

The following 4,371,426 RINs were generated/created and transferred by Washakie Renewable Energy, LLC (Washakie) with a RFS company identifier of 3229 and facility identifier of 80056:

22010322980056101021520000000100728571

22010322980056101031520000000100728571

22010322980056101041520000000100728571

22010322980056101051520000000100728571

22010322980056101061520000000100728571

22010322980056101071520000000100728571

The RFS facility identifier of 80056 is registered as a biodiesel producer with a location at

> 7950 west 24000 north PO Box 192
> Plymouth, Utah 84330
> United States

Pursuant to 40 C.F.R. § 80.1126, the RR number in the RIN represents the equivalence value of the renewable fuel multiplied by 10. Therefore, the equivalence value reported in the RINs is 1.5 which specifically identifies the RIN represents Biodiesel pursuant to 40 C.F.R. § 80.1115.

APPENDIX B –RFS2 RINs Generated and Transferred

The following 2,911,601 RFS2 RINs were generated/created and transferred by Washakie Renewable Energy, LLC with a production date in calendar year 2010. Washakie Renewable Energy, LLC identified these RINs in EMTS as biodiesel produced at RFS company 3229 and facility 80056:

| EMTS Transaction ID | Generate Organization Id | Generate Facility ID | Production Date | Batch Number | Batch Volume | RIN Quantity | Fuel Code | Fuel Type Code |
|---|---|---|---|---|---|---|---|---|
| 188303 | 3229 | 80056 | 23-Jul-10 | 10-101 | 520,000 | 780,000 | 4 | 20 |
| 987532 | 3229 | 80056 | 13-Aug-10 | 10108 | 375,000 | 562,500 | 4 | 20 |
| 987558 | 3229 | 80056 | 27-Aug-10 | 10-109 | 386,500 | 579,750 | 4 | 20 |
| 1417804 | 3229 | 80056 | 17-Sep-10 | 10-110 | 248,478 | 372,717 | 4 | 20 |
| 1417866 | 3229 | 80056 | 15-Oct-10 | 10-111 | 411,089 | 616,634 | 4 | 20 |

The RFS facility identifier of 80056 is registered as a biodiesel producer with a location at

> 7950 west 24000 north PO Box 192
> Plymouth, Utah 84330
> United States

The RFS Fuel Type Code of 20 specifically represents Biodiesel.

The RFS category of renewable fuel is identified as 4 – Biomass Based Diesel.